IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **HERCULES O. PITTS,** *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Case No. RWT 15cv2986 |
| **BANK OF NEW YORK MELLON,** *et al.* | * | |
| *Defendants*. | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a Complaint on October 1, 2015, ECF No. 1, and sought a Motion for Judgment by Default on February 10, 2016, ECF No. 5, which the Court has reviewed. Defendants have filed Motions to Dismiss, ECF Nos. 6 and 14, and a Motion to Quash Service, ECF No. 10. The Complaint presents deficiencies related to jurisdiction, service of process, and Fed. R. Civ. P. 12(b)(6), among others. The Court need not—and may not—reach all of deficiencies, however, because the claims are barred by *res judicata*. For this reason, the Motion for Judgment by Default will be denied, the Defendants' Motions to Dismiss and Motion to Quash Service will be granted, and the Complaint will be dismissed.

The allegations in this case stem from a foreclosure action on a residential property filed against Plaintiffs in the Circuit Court for Prince George's County, Maryland on July 27, 2014, *O'Sullivan, et al. v. Pitts, et al.,* Case No. CAEF14-20170. ECF No. 10 n.1. On April 17, 2015, the Circuit Court ruled in favor of Defendants, ratifying the foreclosure sale to the Bank of New York Mellon. Plaintiff appealed to the Maryland Court of Special Appeals, Case No. 1320-15, which subsequently dismissed the appeal on March 3, 2016. Plaintiffs also challenged the foreclosure in two lawsuits in this Court, *Pitts v. Mozilo*, Case Nos. GJH-15-451 and

GJH-15-933. There, Judge Hazel provided a thorough review of the claims in his Memorandum Opinion dismissing the case *with prejudice* based on *res judicata*, failure to state a claim, and the Anti-Injunction Act, 22 U.S.C. § 2283. *Pitts v. Mozilo*, Case No. GJH-15-451, 2015 WL 4770941, *6 (D. Md. Aug 11, 2015). Although largely nonsensical, Plaintiff's current Complaint again appears to allege fraud by Defendants. ECF No. 1 at 6.

"It is well established that the doctrine of *res judicata* bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit." *Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 570 (D. Md.) (emphasis in original), *aff'd*, 229 F.3d 1141 (4th Cir. 2000). "The Maryland courts and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011), *aff'd*, 444 F. App'x 640 (4th Cir. 2011). Because the original suit was brought in state court, Maryland principles of *res judicata* apply. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). "The elements of res judicata under federal law are analogous to those under Maryland law: (1) identical parties, or parties in privity, in the two actions; (2) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding; and (3) a prior and final judgment on the merits, rendered by a court of competent jurisdiction in accordance with due process requirements." *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 108, 887 A.2d 1029, 1037–38 (2005).

All three prongs are satisfied here. First, the parties are identical or in privity. Second, all of the Plaintiffs' claims are derived from the foreclosure action, and are thus part of the same claim. *See Norville*, 390 Md. 93, 108, 887 A.2d at 1038 ("[I]f the two claims or theories are

based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously."). Here, the docket of the state court foreclosure proceeding—along with the prior suits filed in this Court—demonstrates that Plaintiffs repeatedly challenged the foreclosure process. Specifically, many of the grounds Plaintiffs argue here are the exact arguments made before the prior courts, and to the extent those claims differed slightly, they could have been raised during the action in state court. Third and finally, there was a final judgment on the merits in the prior litigation, both in Maryland and in federal court. Dismissal of the action by a federal court ruling on a defendant's motion to dismiss is a final judgment sufficient for *res judicata* purposes. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

Accordingly, it is, this 10th day of May, 2016, by the United States District Court for the District of Maryland

**ORDERED**, that the Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that Plaintiffs' Motion for Judgment by Default (ECF No. 5) is hereby **DENIED**; and it is further

**ORDERED**, that Defendant Prince George's County Sheriff's Office's Motion to Dismiss (ECF No. 6) is hereby **GRANTED**; and it is further

**ORDERED**, that Defendants McCabe, Weisberg & Conway LLC and Erin M. Shaffer's Motion to Quash Service (ECF No. 10) is hereby **GRANTED**; and it is further

**ORDERED**, that Defendant Bank of New York Mellon's Motion to Extend Time to Respond and Motion to Dismiss Plaintiffs' Complaint (ECF No. 14) is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Notice of Opposition and Motion to Dismiss [Defendant Prince George's County Sheriff's Office's] Reply to Plaintiff(s) Opposition to Motion to Dismiss (ECF No. 26) is hereby **DENIED**; and it is further

**ORDERED**, that Plaintiffs' Opposition and Motion to Dismiss Arron D. Neal's Reply to Plaintiff(s) Memorandum (ECF No. 27) is hereby **DENIED**; and it is further

**ORDERED**, that the Clerk **SHALL CLOSE** this case; and it is further

**ORDERED**, that the Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to all parties.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE